Not for Publication in West's Federal Reporter

# United States Court of Appeals

## For the First Circuit

No. 13-1627

LOUIS A. PICCONE, ET AL.,

Plaintiffs, Appellants,

v.

ANGELO MCCLAIN, in his official capacity, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Mark L. Wolf, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

Louis A. Piccone on brief pro se.
Kerry D. Strayer, Assistant Attorney General and Martha Coakley, Attorney General of Massachusetts, on brief for appellees, Angelo McClain, Lynn Reber, Joan Mazzeo, Heather Nietsche, Irene Woods, Lance LaPointe and Janet Rice.
Nancy Frankel Pelletier, David S. Lawless and Robinson Donovan, P.C. on brief for appellees, John W. Bartels, Jr., John M. Marley and Town of Dalton.
Austin M. Joyce and Reardon, Joyce & Akerson, P.C., on brief for appellee, Richard Smith on brief or appellees.

October 20, 2014

**Per Curiam.** Louis and Elena Piccone filed a civil rights lawsuit against various state and local officials. The suit claimed a number of constitutional and state tort violations arising out of a child abuse investigation by the Massachusetts Department of Children & Families ("DCF") and a subsequent criminal action brought against the Piccones for parental kidnapping. The district court dismissed the claims against some of the defendants under Federal Rule of Civil Procedure 12(b)(6). Later, the remaining claims brought by Mrs. Piccone were dismissed under Rules 41(b) and 37(b), and the remaining claims brought by Mr. Piccone were dismissed under Rule 37(b).

The district court's Rule 12(b)(6) dismissal of claims against the various DCF officials and employees (collectively "DCF defendants") is reviewed de novo. MacDonald v. Town of Eastham, 745 F.3d 8, 11 (1st Cir. 2014). We are not bound by the lower court's rationale, but may affirm on any ground supported by the record. See Gonzalez-Cancel v. Partido Nuevo Progresista, 696 F.3d 115, 118-19 (1st Cir. 2012) (citation omitted).

While we agree with the district court that defendants Heather Nietsche, Irene Woods, Lance LaPointe, and Janet Rice are entitled to qualified immunity as to the Piccones' § 1983 claims, our reasoning differs somewhat. The § 1983 claim against these defendants, as best as we have been able to discern from the complaint and briefs, is that they violated the Piccones' constitutionally protected interest in the care, custody, and

control of their children in several respects. First, it is contended they involuntarily removed Mr. Piccone from the family home while they investigated allegations that he abused one of the children. Further, the juvenile court care and protection order transferring custody to DCF allegedly prevented Mrs. Piccone from returning to Massachusetts with the children for fear of losing physical custody of them; it also separated Mr. Piccone from his family for many months until the juvenile court proceedings ended and he was financially able to move his family to Canada from Russia. Finally, the DCF defendants instituted ex parte juvenile court proceedings by way of an allegedly misleading custody petition.

As to Mr. Piccone's § 1983 claim based on his departure from the family home, we do not decide whether the district court correctly held that he experienced no interruption in physical custody when he left home in response to the social worker's insistence that he permit an unrecorded interview of his child or agree to leave home for the weekend. Assuming that his decision to leave home was not voluntary, see Croft v. Westmoreland Cnty. Children and Youth Services, 103 F.3d 1123, 1125 n. 1 (3d Cir. 1997) ("explicitly reject[ing]" government's characterization of father's decision to leave home as voluntary when CYS threatened to take temporary physical custody of daughter if he did not leave home during abuse investigation), the facts alleged in the complaint still do not make out a plausible § 1983 claim, for

reasons that follow.

We have held that the state may separate a child from his parent, as an interim measure, based on reasonable suspicion that child abuse has occurred or, alternatively, that a threat of abuse is imminent. See Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 20-22 (1st Cir. 2001). Reasonable suspicion depends on the content of the information possessed by the state actors and its degree of reliability, considered in the totality of the circumstances. Id. at 25 (quoting Alabama v. White, 496 U.S. 325, 330 (1990)); see also United States v. Cortez, 449 U.S. 411, 417-18 (1981) (reasonable suspicion focuses on what reasonable state actor in same or similar circumstances would have thought).

Here, it may reasonably be inferred from the facts alleged in the complaint that the DCF defendants had reasonable suspicion to separate father from children temporarily while they investigated the abuse allegations. DCF was acting on the basis of a report from a day care center employee that was seemingly credible, the worker having reported the allegations both orally and in writing, and DCF reasonably treated the situation as an emergency. When the DCF social workers went to the Piccones' home, they were able to view the child, but they were not permitted to interview any of the children unless DCF agreed to videotape the interviews. No Massachusetts law, regulation, or policy appears to mandate videotaping interviews of children in abuse investigations, and Massachusetts courts have not required that recordings be made.

See Commonwealth v. Howard, 446 Mass. 563, 565 n. 1 (2006); Commonwealth v. Upton U., 59 Mass.App.Ct. 252, 255, review denied, 440 Mass. 1106 (2003). Simply viewing the child neither proved nor disproved the abuse allegations. The social workers and their managers needed time to sort everything out, but they could not leave the child in the home where he could possibly be in danger. Under these circumstances, one may reasonably conclude that the child's interest in being in a safe and neutral environment outweighed Mr. Piccone's private interest in the care, custody, and control of his children. See Hatch, 274 F.3d at 21.

As to the claims based on the juvenile court custody order, assuming, once again without deciding, that a parent's loss of legal custody while maintaining physical custody can give rise to a § 1983 claim, they were properly dismissed. DCF filed its ex parte custody petition only after its efforts to interview the children were thwarted by the Piccones' refusal to allow an interview unless it was videorecorded, followed by Mrs. Piccone's departure from the Commonwealth with the children. These circumstances gave DCF sufficient reasonable suspicion of child abuse or neglect to warrant protecting the children by instituting care and custody proceedings and obtaining an order giving them custody during the pendency of the proceedings while DCF conducted its investigation. See United States v. Wright, 582 F.3d 199, 213 (1st Cir. 2009) (reasonable suspicion can arise from combination and progression of facts), cert. denied, 559 U.S. 1021 (2010); see

also <u>Hatch</u>, 274 F.3d at 22.

Finally, to the extent the Piccones may be alleging that the juvenile court affidavit submitted by Nietsche and co-signed by Rice contained misrepresentations and omissions, these defendants, as witnesses at judicial proceedings, would be entitled to either absolute or qualified immunity from § 1983 liability as to this claim. <u>See</u> <u>Watterson</u> v. <u>Page</u>, 987 F.2d 1, 9 & n.8 (1st Cir. 1993).

For these reasons, the judgment dismissing the Piccones' § 1983 claims against defendants Nietsche, Woods, LaPointe, and Rice was proper. As to the dismissal of the other claims against the remaining defendants named in the complaint, we affirm, essentially for the reasons stated by the district court in its Memoranda and Orders dated July 2, 2010; March 22, 2013; and April 23, 2013.

<u>Affirmed</u>.